IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DAVID BUTTROSS d/b/a FL20, INC. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:22-CV-00086-BU |
| GREAT LAKES INSURANCE SE *et al.*, | § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Gloria Valdez's Motion to Dismiss Pursuant to FED. R. CIV. P 12(b)(6). Dkt. No. 6. Through the motion, Valdez requests that the Court dismiss Plaintiff's claims against Valdez because Section 542A.006 of the Texas Insurance Code precludes stating such a claim. Dkt. No. 6 at 1–2. Valdez asserts that Great Lakes Insurance SE's election under Section 542A.006 to accept liability for Valdez—its agent—is fatal to any claim against her. *Id.* at 2–3.

Plaintiff did not file a response to the motion, and thus the undersigned considers it unopposed. *See* LOCAL CIVIL RULE 7.1(e) (providing that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Plaintiff also informed the Court through the parties' Scheduling Order Joint Report that he "does not intend to" file a response. *See* Dkt. No. 9 at 3–4.

This case was referred to the undersigned for pretrial management with instructions to submit a report and recommendation on dispositive motions under 28 U.S.C. § 636(b)(1)(A). Dkt. No. 3. And a motion to dismiss for failure to state a claim is a dispositive matter under Section 636(b)(1)(A).

## I. PRELIMINARY MATTERS

A. <u>Personal jurisdiction over Valdez</u>

Valdez filed her Motion under Rule 12(b)(6). Dkt. No. 6 at 1. A review of the state court docket, documents filed with the Notice of Removal, and this Court's docket reveal that while summonses were requested and issued for both Great Lakes and Valdez in the state court case, and while Great Lakes was served and filed an answer in the state court case, Valdez was never served, answered, or otherwise appeared in either the state court case or this federal action until the filing of the instant Motion to Dismiss. Dkt. No. 1 at 6; Dkt. No. 1-1 at 1, 2, 20–23; Dkt. No. 1-5 at 1. Thus, prior to Valdez filing her Motion, this Court did not appear to have personal jurisdiction over her.

Federal practice does not require a party to raise by motion a defense or objection to a claim. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1385 (3rd ed. Supp. 2021). Instead, a party may raise defenses and objections in the appropriate responsive pleading. *Id*. But if a defendant avails himself of the option of raising defenses through a Rule 12(b) motion, the Rule contemplates "a single pre-answer motion" which consolidates all defenses or objections that are then available. *Id*.; FED. R. CIV. P. 12(g).

2

Thus, while in the absence of effective service, Valdez could have filed a motion under Rule 12(b)(2) for lack of personal jurisdiction, or no motion at all, her filing instead of a single motion under Rule 12(b)(6) effectively waives any argument that this Court lacked personal jurisdiction over her. Rule 12(g)(2) provides that:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

FED. R. CIV. P. 12(g)(2). And Rules 12(h)(2) and (3) provide that defenses based on a "[f]ailure to state a claim upon which relief may be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim," or a lack of subject-matter jurisdiction, are not waived if not raised in a party's initial Rule 12 motion. FED. R. CIV. P. 12(h)(2), (3). Thus, while it does not appear that this Court had personal jurisdiction over Valdez prior to her filing the Motion to Dismiss, it does now.

B.  <u>Extrinsic matters filed with Motion to Dismiss</u>

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Gomez v. Galman, et al.*, No. 20-30508, 2021 WL 5371112, at *2 (5th Cir. Nov. 18, 2021) (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Additionally, the court may consider "documents *attached to the Rule 12(b)(6) motion* 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Allen v. Hays*, 812 F.App'x. 185, 189 (5th Cir. 2020) (italics in original); *see also Scanlan v. Tex. A&M Univ.*,

343 F.3d 533, 536 (5th Cir. 2003) (holding that in ruling on a motion under Rule 12(b)(6) motion to dismiss, courts may generally not "go outside the complaint" except to consider "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."). And "the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

Valdez attaches to her Motion a copy of the Chapter 542A Election Letter which is neither attached to or referenced in Plaintiff's Complaint, nor is it central to Plaintiff's claims.[1] And if extrinsic matters beyond those central to the plaintiff's complaint are considered by the Court, "the motion must be treated as one for summary judgment under Rule 56." *Allen*, 812 F.App'x. at 189. The parties also "must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d).[2]

But the undersigned finds it unnecessary to convert Valdez's motion to one for summary judgment because Plaintiff does not dispute that an effective pre-suit election

---

[1] The Chapter 542A Election Letter Great Lakes sent to Plaintiff's counsel on February 3, 2022, states that "we note that you intend to name Gloria Valdez as a defendant" and "be advised that Great Lakes accepts liability for agents pursuant to Section 542A.006 of the Texas Insurance Code." Dkt. No. 6-1 at 3. Forty-one days later, Plaintiff filed the instant suit in state court naming Valdez as a defendant. Dkt. No. 1-1 at 3.

[2] The Court is not required to give parties express notice of its intention to convert a Rule 12(b)(6) motion to one under Rule 56. *Allen v. Hays*, 812 F.App'x. 185, 190 (5th Cir. 2020) (citing *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019). But to ensure fundamental fairness, the Court must satisfy itself that the opposing party has (1) received the extrinsic matters accepted for consideration by the Court and had an opportunity to challenge them, and (2) an objective reason to believe such matters might be considered by the court. *Id*. In other words, "the proper question is whether the nonmovant was on notice that 'the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *General Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F.App'x. 775, 784 (5th Cir. 2007) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990). Thus, if the Court decides to consider the Election Letter, it is clear Plaintiff received a copy of the letter, had an opportunity to challenge it, and reasonably should have believed the Court might consider it.

was made under Section 542A.006, and thus consideration of the Chapter 542A Election Letter itself is unnecessary.[3] The undersigned now turns to the legal effect of that election.

## II.  LEGAL STANDARDS UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the dismissal of a claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3rd ed. Supp. 2021). Rather, Rule 12(b)(6) motions are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In other words, when the movant "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. Thus, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Walker v. Beaumont Indep. School Dist.*, 938 F.3d 724, 734 (5th Cir. 2019).

---

[3] While Rule 12(d) acknowledges courts' discretion to consider extrinsic materials presented through motions under Rule 12(b)(6) and Rule 12(c), it does not require them to do so. *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988)) (order adopting conclusions of Magistrate Judge finding Court has "complete discretion" to either accept or exclude extrinsic evidence for purposes of motion to dismiss, but noting if matters outside pleadings are not excluded, motion must be treated as one for summary judgment).

### III. ANALYSIS

Valdez does not attack the sufficiency of the *factual* allegations in Plaintiff's Complaint, but rather argues that the Plaintiff's claim against her is foreclosed by state law, specifically because of Great Lakes's election under Section 542A.006. Dkt. No. 6 at 2–3. "[A]s a general matter, the Fifth Circuit has determined that Rule 12(b)(6) motions to dismiss typically cannot be granted on affirmative defense grounds unless a successful affirmative defense appears clearly on the face of the pleadings." *Estate of Barré v. Carter*, 272 F. Supp. 3d 906, 930 (E.D. La. 2017) (citing *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

The Section 542A.006 election here does not clearly appear on the face of the pleadings. But it does not appear that either the Texas state courts or the Fifth Circuit has directly addressed the question of whether an election under Section 542A.006 is an affirmative defense. Regardless, the undersigned finds it is unnecessary to resolve this question at this point because the fact of the pre-suit election is not disputed, and the Motion is unopposed.[4]

The Texas Insurance Code was amended as of September 2017 to allow an insurer "to accept whatever civil liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). The Insurance Code further provides that "[i]f an insurer makes an

---

[4] Unaddressed in the Motion is the question of Valdez being improperly joined in this action and, if so, its effect on complete diversity, a specter raised by Great Lakes in its Notice of Removal. Dkt. No. 1 at 2–4. The undersigned refrains from addressing this issue except to observe that it appears complete diversity existed at the time of removal for the reasons explained by Great Lakes in its Notice of Removal. *See id*.

election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id*. § 542A.006(b).

Here, because it is undisputed that Great Lakes made a pre-suit election under Section 542A.006, the Court is required to dismiss with prejudice Plaintiff's claims against Valdez relating to this insurance dispute.[5]

## IV. CONCLUSION

For these reasons, the undersigned RECOMMENDS that Valdez's Motion to Dismiss be GRANTED and that Plaintiff's claims against Valdez be DISMISSED with prejudice.

## V. RIGHT TO OBJECT

If any party wishes to object to any part of these Findings, Conclusions, and Recommendation, the party must file specific written objections within fourteen days after being served with a copy of these Findings, Conclusions, and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(B). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and

---

[5] Aside from initially naming Valdez in the state court case, Plaintiff has had multiple opportunities to voluntarily dismiss under Rule 41(a)(1)(A)(i) claims against Valdez that appear to have not been "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," FED. R. CIV. P. 11(b)(2), thus obviating the need for the filing of the Motion and the Court's consideration of it. Greater care must be taken in the future so that this missed opportunity to conserve the resources of the parties and the Court is not mistaken for a violation of this Court's standards of litigation conduct under Rule 11, Local Civil Rule 83.8(b), and *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*., 121 F.R.D.284 (N.D. Tex. 1988) (en banc).

Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 14th day of October, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE