UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

DAVID BUTTROSS, d/b/a FL20 INC.,

    Plaintiff,

v.

GREAT LAKES INSURANCE SE,

    Defendant.

No. 1:22-CV-086-H-BU

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATIONS OF THE MAGISTRATE JUDGE
AND OVERRULING THE DEFENDANT'S OBJECTIONS**

    Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge John R. Parker (Dkt. No. 48) and the objections of the defendant (Dkt. No. 49). Judge Parker recommends: (1) denying in part and granting in part the motion to exclude Neil Hall (Dkt. No. 30); (2) denying the motion to exclude Kevin Funsch (Dkt. No. 28); (3) denying the motion to exclude Dominick Claus (Dkt. No. 41); and (4) denying the defendant's motion for summary judgment (Dkt. No. 22). Dkt. No. 48 at 1. The defendant has filed objections to the FCR, arguing that the plaintiff's experts, Hall and Funsch, should be excluded as unreliable and that summary judgment should be granted because the plaintiff failed to segregate damages to his property as required by the concurrent-causation doctrine. Dkt. No. 49 at 1–10. The defendant also argues that Hall's declarations and certain attachments should be excluded in full as untimely. *Id.* at 10–13.

    The Court overrules the defendant's objections and adopts the FCR in full. The testimony of the plaintiff's experts is reliable, and Hall's report demonstrates that he attributes the full loss to the covered hailstorm. Further, only the portions of Hall's declarations and attachments that rebut the defendant's expert should be excluded.

1.  **Factual and Procedural Background**

This case concerns a dispute over insurance coverage. David Buttross owns several commercial properties in Abilene, Texas, that were covered by an insurance policy (the Policy) that he had purchased through Great Lakes Insurance SE. Dkt. Nos. 22-2 at 2, 19–20. The Policy (Dkt. No. 22-2) provided coverage for certain losses from July 20, 2020, to July 20, 2021. *Id.* at 2. Covered losses under the Policy included "direct physical loss of or damage" to the property "caused by or resulting from any Covered Cause of Loss." *Id.* at 21, 48–57. Specifically excluded from the Policy's coverage were, among others, damages outside of the policy period and physical loss from "wear and tear" or "faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance." *Id.* at 2, 50, 51 (cleaned up).

On April 12, 2021, a storm purportedly struck parts of Taylor County, Texas. Dkt. Nos. 1-1 at 5; 32-1 at 3, 5. The plaintiff asserts that hail and wind from this storm damaged the Properties, and he filed claims with Great Lakes for coverage under the Policy. Dkt. Nos. 1-1 at 5; 22-3. Great Lakes investigated and denied his claims, concluding that the damage was not covered by the Policy. Dkt. Nos. 22-4; 22-5; 22-6. Buttross then sued Great Lakes for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.[1] Dkt. No. 1-1 at 10–13. Great Lakes then removed the case to this Court, and this matter was referred to Magistrate Judge Parker for pretrial management. Dkt. Nos. 1; 3.

---

[1] Buttross's original complaint also named Gloria Valdez, a Great Lakes insurance agent, who was subsequently dismissed due to Great Lakes's election under Texas Insurance Code Section 542A.006. *See* Dkt. Nos. 1-1 at 4, 6–7; 11; 13.

Great Lakes has filed four motions that are pending before the Court. Dkt. Nos. 22; 28; 30; 41. Three motions seek exclusion of testimony of the plaintiff's proposed witnesses—Kevin Funsch, Neil Hall, and Dominick Claus. Dkt. Nos. 28; 30; 41. The fourth motion seeks summary judgment on all of the plaintiff's claims. Dkt. No. 22.

Judge Parker entered an FCR recommending that the Court grant in part and deny in part the motion to exclude Hall's testimony and declarations, deny the motions to exclude Funsch's and Claus's testimony, and deny the motion for summary judgment. Dkt. No. 48. Specifically, Judge Parker determined that the expert testimony of Hall and Funsch is sufficiently reliable but that portions of Hall's declaration should be excluded as untimely. *Id.* at 11–17. The FCR also concluded that Claus's testimony and estimates are relevant. *Id.* at 17. Finally, the FCR found that summary judgment should be denied because the plaintiff's expert testimony attributed all of the losses to the covered hailstorm, therefore creating a genuine issue of material fact as to whether Great Lakes breached the Policy by failing to pay policy benefits and foreclosing summary judgment on the extracontractual claims. *Id.* at 20–23.

Great Lakes has now filed objections to the FCR, challenging the findings regarding the motions to exclude Hall and Funsch and the motion for summary judgment. Dkt. No. 49. Great Lakes argues that Hall did not adequately consider alternative causes of damage to the properties and that Funsch's testimony should be excluded because it relies on Hall's unreliable opinion. *Id.* at 6–10. It also contends that all of Hall's declarations should be excluded because they were untimely and did not solely reiterate past opinions. *Id.* at 10–12. Finally, Great Lakes asserts that summary judgment should be granted on the breach of contract claim because the plaintiff did not segregate his losses between covered and non-

covered losses and that the case cited by the FCR is inapposite because Hall did not specifically state that all of the losses resulted from the April 2021 storm. *Id.* at 1–4. It then argues that because summary judgment is appropriate on the breach of contract claim, it is also warranted on the extracontractual claim. *Id.* at 4–6.

**2.  Legal Standards**

    **A.  Review of Magistrate Judge's Recommendations**

When a party files objections to a magistrate judge's recommendations, the Court must review those objected-to portions de novo. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1). However, as for portions where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

The District Court has reviewed the unobjected-to portions of the Findings, Conclusions, Recommendations for plain error. Finding none, the Court accepts and adopts those portions of the FCR.

    **B.  Federal Rule of Evidence 702**

Federal Rule of Evidence 702 governs the admission of expert testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

>  (b) the testimony is based on sufficient facts or data;
>
>  (c) the testimony is the product of reliable principles and methods; and
>
>  (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

This rule "assigns to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). To be reliable, the expert testimony must "be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief." *Id.* (alteration in original) (quoting *Curtis*, 174 F.3d at 668). The proponent of the expert's testimony must prove its reliability by a preponderance of the evidence. *Id.*; *see also* Fed. R. Evid. 702 advisory committee's notes to 2023 amendments. But "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty.*, 80 F.3d 1074, 1078 (5th Cir. 1996)).

Generally—but not always—"questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration." *Id.* (quoting *14.38 Acres of Land*, 80 F.3d at 1077); *see* Fed. R. Evid. 702 advisory committee's notes to 2023 amendments. Accordingly, "[c]ourts routinely reject challenges to the admissibility of expert testimony based on arguments that the expert failed to take into account certain data in forming his or her opinions." *Patton v. Metropolitan Lloyds Ins. Co. of Tex.*, No. 5:21-CV-074-H, 2022 WL 2898946, at *3 (N.D. Tex. Feb. 14, 2022) (quoting *Blottin v. Mary Kay Inc.*, No. 3-10-CV-

1905-M-BD, 2012 WL 13026814, at *3 (N.D. Tex. Aug. 22, 2012)). Typically, an expert must "wholly fail[] to consider alternative causes of the damage" before a court will exclude his testimony on the basis that he did not examine other potential causes. *Hub Tex., LLC v. Arch Specialty Ins. Co.*, No. 5:21-CV-180-H-BQ, 2023 WL 2772052, at *6 (N.D. Tex. Mar. 21, 2023).

### C. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must show that a fact cannot be genuinely disputed by either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

If the party moving for summary judgment "bears the burden of proof on an issue . . . he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see also Smith v. Ochsner Health Sys.*, 956 F.3d 681, 683 (5th Cir. 2020). If the nonmoving party has the burden of proof on an issue, the moving party can meet its summary judgment burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In either case, the nonmoving party must then "go

beyond the pleadings" and set forth specific facts showing that there is a genuine issue for trial. *Id.* at 324; *see also Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). The Court must consider all evidence cited by the parties, and it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, the Court does not have a duty to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16, 915 n.7 (5th Cir. 1992)).

In evaluating a motion under Rule 56, the Court must consider the facts in the light most favorable to the nonmoving party if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48.

**3. Analysis**

Great Lakes raises five objections to the FCR. Regarding the FCR's findings on the expert testimony, Great Lakes argues that Hall's testimony is unreliable because he did not consider alternative causes for damage to the properties and that Funsch's testimony is unreliable because it relies on Hall's findings. Dkt. No 49 at 6–10. In addition, Great Lakes objects to the FCR's conclusions that some portions of Hall's untimely declarations should still be admissible because they reiterate past opinions. *Id.* at 10–12. As for its summary

judgment motion, Great Lakes argues that Hall's expert report does not specifically state that the single hailstorm caused all damages. *Id.* at 1–4, 6–9. Consequently, Great Lakes asserts that it is entitled to summary judgment on all claims: the contractual claim because of Buttross's failure to satisfy the concurrent-causation doctrine, and the extracontractual claim because the contractual claim fails. *Id.* at 1–10.

The Court overrules each of these objections. First, Hall's testimony does address and rule out alternative explanations. To the extent the defendant believes that he should have been more detailed or considered even more possibilities, these arguments go to the weight that the factfinder should give his testimony and are improper bases for exclusion. Second, the portions of Hall's declarations at issue are not impermissible supplemental disclosures—they merely restate and explain his earlier report and therefore will not be excluded. Third, Funsch's testimony should not be excluded merely because he relies on Hall's testimony, and he did not need to make an independent determination of the reliability of Hall's testimony. Fourth, through Hall's testimony, the plaintiff has provided a basis, if believed, for a jury to find that all of the damage came from a covered loss, and the Court therefore denies summary judgment on the contractual claim. Fifth, because Great Lakes is not entitled to summary judgment on the contractual claim, summary judgment on the extracontractual claims is also denied.

### A. Motions to Exclude Experts
#### i. Neil Hall
##### a. Reliability

Great Lakes objects to the FCR's conclusion that Hall's testimony satisfies Rule 702's reliability requirements. Dkt. No. 49 at 6–9. Specifically, it argues that Hall "did not

adequately consider alternative causes of damage." *Id.* at 7.  The Court overrules this objection.

Hall's report adequately considered various alternative causes of damages.  He extensively details why he ruled out other storms as possible causes of damage.  Dkt. No. 32-1 at 2–6.  He explains that because the industry-accepted consensus is that splatter marks fade after two years, "the presence of splatter marks" indicated that the damage occurred within the two years prior to his March 2023 inspection and that "the hailstorm far more likely occurred on April 21, 2021, than June 5, 2019," thereby ruling out the defendant's expert's claim that the hail damage was caused by a 2016 storm.  *Id.* at 2, 5-6; *see* Dkt. No. 31 at 8.  And as the defendant notes, Hall distinguished sections of exposed bitumen damaged by hail from raised-but-not-erupted blisters unrelated to hail.  Dkt. No. 32-1 at 7.  Further, Hall explained that he determined that missing foil was damaged by hail and not vapor pressure or a paint blister because of a visible depression.  *Id.*  These statements are sufficient to show that he did not "wholly fail[] to consider alternative causes of the damage" and that his testimony that the loss is attributable to the hailstorm is reliable.  *See Hub Tex.*, 2023 WL 2772052, at *6.

Great Lakes emphasizes that the statement about the unerupted blister is the sole mention of a non-hail condition and applies only to one of the six properties.  Dkt. No. 49 at 8–9.  It argues that this indicates that Hall only considered pre-existing conditions on one of the six properties.  *Id.*  The Court disagrees.  For one, Hall's report noted his consideration of non-hail causes on multiple properties.  Dkt. No. 32-1 at 6–7.  In addition to the unerupted blister at the 265 South Leggett Drive property, he discussed and ruled out whether missing foil was caused by a paint blister eruption on a different property.  *Id.*

Moreover, the identification of a pre-existing blister at one property by the same expert who examined all of the properties indicates that he did look for other conditions in his analysis of the properties and that this was the only one he found. In essence, the defendant suggests Hall momentarily remembered that alternative causes could exist when looking at one property but then ignored such alternatives for the other properties discussed in the same report. But looking at Hall's report, it is far more likely that his identification of the one pre-existing blister demonstrates that this was the only condition he found that was not caused by the April 2021 hailstorm to which he attributed the loss. *See generally id.* at 2–8. The defendant's disagreement with this finding and its arguments that Hall should have considered even more alternative causes are matters of the weight that the factfinder should give to the evidence, not a basis for exclusion. *Hub Tex.*, 2023 WL 2772052, at *6; *Patton*, 2022 WL 2898946, at *6–7. Such "shortcomings" in Hall's testimony are "exactly the type that can be adequately addressed through vigorous cross-examination and presentation of contrary evidence" at trial. *Patton*, 2022 WL 2898946, at *6 (citing *14.38 Acres of Land*, 80 F.3d at 1078). Accordingly, the Court overrules the defendant's objections to the FCR's conclusion that Hall's testimony is reliable.

### b. Timeliness

Great Lakes also objects to the FCR's finding that certain portions of Hall's untimely declaration should not be excluded. Dkt. No. 49 at 10–12. The FCR distinguished between the parts of Hall's declaration that rebutted the defendant's experts, which it recommended excluding, and the parts that only addressed matters he had previously discussed, which it found were admissible because they only reiterated past opinions. Dkt. No. 48 at 15. The Court overrules this objection and excludes only the portions of the declarations that rebut

the defendant's expert and the attachments on which the declarations relied for its rebuttal argument.

Judge Parker entered a Scheduling Order in this case that established various expert-designation deadlines. Dkt. No. 10 at 2. Any initial designation of experts—those by "the party with the burden of proof on the issue subject to the expert designation"—were due by May 8, 2023. *Id.* Any evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under [Federal Rule of Civil Procedure] 26(a)(2)(B)" had to be disclosed by June 26. *Id.* Nevertheless, the plaintiff filed a declaration by Hall along with two supplementary documents on August 21, 2023, in response to Great Lakes's motion for summary judgment. *See* Dkt. Nos. 25-1 at 1–5; 25-3 at 77–95, 96–98. The first supplementary document is a judicial opinion from the Middle District of Tennessee. Dkt. No. 25-3 at 77–95; *Helping Hands Home Improvement, LLC v. Erie Ins. Exch.*, No. 3:21-cv-008, 2022 WL 1063605 (M.D. Tenn. Apr. 8, 2022). The second consists of search results from the National Centers for Environmental Information's storm events database showing hail events from January 1, 2010, to August 1, 2021, in Taylor County, Texas. *Id.* at 96–98. In addition, the plaintiff provided another declaration of Hall dated September 26, 2023, in response to the motion to exclude Hall's testimony. Dkt. No. 40-1 at 1–5.

Regarding the two declarations, some portions directly aim to rebut to the defendant's filings while others merely reiterate or provide some elaboration of existing portions of Hall's expert report. *Compare* Dkt. No. 25-1 at 3–5, *and* Dkt. No. 40-1 at 3–4, *with* Dkt. No. 25-1 at 1–3, Dkt. No. 32-1 at 2–7, *and* Dkt. No. 40-1 at 1–2. Courts often decline to strike untimely supplemental reports when they do not provide new expert

opinions but instead reiterate past opinions or explain statements in the report. *Curlee v. United Parcel Serv., Inc.*, No. 3:13-cv-344-P, 2014 WL 11516719, at *8 (N.D. Tex. Dec. 12, 2014); *City of Allen v. Time Warner Cable Tex., LLC*, No. 6:19-cv-345-ADA-JCM, 2021 WL 8442040, at *7 (W.D. Tex. Oct. 5, 2021). That is all the first few pages of Hall's declarations do: they restate his conclusion that the damage was caused by the April 2021 storm and his process for eliminating other storms. Dkt. Nos. 25-1 at 1–3; 40-1 at 1–2. While portions of the declarations do specifically seek to rebut the defendant's expert and argument, any prejudice from this can be rectified by excluding those portions. They do not require exclusion of the entire declarations.

This is especially true in this case where the clear purpose of the declarations was not to evade the Court's deadlines but to provide details that would have been provided had the defendant deposed Hall. *See* Dkt. Nos. 25-1 at 1–3; 40-1 at 1–2. Experts commonly provide further explanation of their methodology in depositions after the initial expert disclosures. *See, e.g.*, *Whatley v. Great Lakes Ins. SE*, No. 1:19-CV-444, 2020 WL 8970502, at *8–9 (E.D. Tex. Nov. 30, 2020). In the absence of a deposition, it is understandable why the plaintiff sought to give its expert a first opportunity to provide some explanation on portions of the report that may have been somewhat vague. *See City of Allen*, 2021 WL 8442040, at *7. Accordingly, those portions of Hall's declarations that reiterate and provide some explanation of his expert report (Dkt. Nos. 25-1 at 1–3; 40-1 at 1–2) will not be excluded.

As for the attachments, Hall relies on them as part of his rebuttal to Great Lakes's expert. *See* Dkt. No. 25-1 at 3–4. Accordingly, the Court strikes them along with the untimely rebuttal portions of the declarations. Nevertheless, regarding the judicial opinion, the Court reminds the parties that it may take judicial notice of other court opinions. *See,*

*e.g.*, *Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 792 (E.D. Tex. 2019). Accordingly, the decision to strike the judicial opinion purely in its role as an attachment to the untimely rebuttal does not prohibit the Court from considering an opinion by another federal court.

### ii. Kevin Funsch

The defendant argues that Funsch's testimony should be excluded because he relied on Hall's determinations, which were unreliable. Dkt. No. 49 at 9–10. In addition, Great Lakes argues that Funsch failed to explain why he believed in and relied on Hall's determinations. *Id.*

The Court overrules these objections. As stated, Hall's testimony is reliable, so Funsch's testimony is not unreliable solely because it is based on Hall's findings. Further, Federal Rule of Evidence 703 specifically permits an expert to base his opinion on facts or data of which he is made aware if experts in the field would reasonably rely on those facts in forming an opinion. Fed. R. Evid. 703. Damages experts like Funsch often rely on the opinion of causation experts like Hall in insurance cases. *Farris v. State Farm Lloyds*, No. H-19-3872, 2021 WL 355968, at *3 (S.D. Tex. Feb. 2, 2021). And such, damages experts need not conduct an independent evaluation of the reliability of the causation expert's testimony before they rely on it. *Id.* Because Hall's testimony passes Rule 702's reliability threshold and damages experts typically rely on causation experts' testimony, the Court finds that Funsch's testimony should not be excluded.

### B. Motion for Summary Judgment

Great Lakes objects to the FCR's conclusion that the plaintiff has provided a reasonable basis for a jury to find that all of his loss comes from a covered loss because Hall's report attributes all of the loss to the hailstorm. Dkt. No. 49 at 2. Specifically, Great

Lakes takes issue with the FCR's reliance on *Advanced Indicator & Manufacturing, Inc. v. Acadia Insurance Co.*, 50 F.4th 469 (5th Cir. 2022), where the Fifth Circuit found that the plaintiff satisfied the concurrent-causation doctrine where its evidence supported a finding that a covered cause created all of the damage. *Id.* at 477. The Court also overrules this objection and therefore denies Great Lakes's motion for summary judgment (Dkt. No. 22).

Under the concurrent-causation doctrine, if "covered and non-covered perils combine to create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril." *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 477 (quoting *Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 222 (Tex. App.—Dallas 2015, no pet.)). Accordingly, where the doctrine applies, an insured must "segregate[e] the damage attributable solely to the covered event" in order to prevail. *Id.* (quoting *Dall. Nat'l Ins. Co.*, 458 S.W.3d at 222). A plaintiff can carry its burden under the doctrine "by putting forth evidence demonstrating that the loss came solely from a covered cause or by putting forth evidence by which a jury may reasonably segregate covered and non-covered losses." *Id.* (citing *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 162 (Tex. 1971)). Accordingly, if the same evidence that supports the plaintiff's argument that a covered cause created some of the loss also supports a finding that the covered cause created all of the damage, a plaintiff's claim should not be dismissed. *Id.*

Here, Hall's report attributes the entire loss requiring repairs to a covered cause—the April 2021 hailstorm. *See* Dkt. No. 32-1 at 2–8. As the Court has discussed, the sole pre-existing condition unattributed to hail damage noted by Hall are unerupted blisters. *Id.* at 7. All damage discussed by Hall is tied specifically to hail, which he then attributed to the April storm. *Id.* at 6–7. He then explains that to restore the roof to the pre-hail-damage

conditions requires re-roofing and "replac[ing] all hail-dented vent hoods, gutters, downspouts[,] and HVAC ductwork and comb[ing]-out all hail-damaged condenser fins." *Id.* at 8. While Great Lakes makes much of the lack of a specific statement that all damage was caused absolutely only by the April 2021 storm, Dkt. No. 49 at 2–3, the Court does not read *Advanced Indicator* to require such a specific statement or similar magic words. Instead, the key for the Fifth Circuit's decision was that the same evidence used by the plaintiff to show that some of the damage was caused by the covered cause also permitted a jury to reasonably find that the covered cause was the sole cause of the loss. 50 F.4th at 477. The same is true here. If the jury adopts Hall's findings, it could reasonably find that all of the loss was caused by the hailstorm.

Accordingly, there remains a genuine issue of material fact as to whether the loss was caused by a non-covered condition, and summary judgment on the contractual claim is inappropriate. And, because the coverage question cannot be resolved at this stage, the Court also overrules the defendant's objections to the FCR's recommendation of denying summary judgment on the extracontractual claims. Great Lakes's objection relies solely on its argument that it should be granted summary judgment on the contractual claim. Dkt. No. 49 at 4–6. Since the contractual claim survives summary judgment, so do the extracontractual claims.

### 4.     Conclusion

The Court overrules the defendant's objections (Dkt. No. 49) and adopts the FCR (Dkt. No. 48) as the findings of this Court. Accordingly, the Court: (1) grants in part and denies in part the defendant's motion to exclude the testimony and declarations of Neil Hall (Dkt. No. 30); (2) denies the defendant's motion to exclude the testimony of Kevin Funsch

(Dkt. No. 28); (3) denies the defendant's motion to exclude the testimony of Dominick Claus (Dkt. No. 41); and (4) denies the defendant's motion for summary judgment (Dkt. No. 22).

So ordered on January 4, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE